IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| HERBERT HINES, PRO SE, | § | |
| TDCJ-CID #658911, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0233 |
| | § | |
| STATE OF TEXAS; CHAD A. LANDRUM, | § | |
| DANNY R. HEAD; RICK PERRY; | § | |
| GREG ABBOTT; PAMPA, TEXAS; | § | |
| MAYOR OF PAMPA, TEXAS; | § | |
| CHIEF OF POLICE - PAMPA, TEXAS; | § | |
| GRAY COUNTY, TEXAS; | § | |
| DON COPELAND; | § | |
| TDCJ AND ITS MEMBERS; | § | |
| TDCJ-ID AND ITS GOVERNING BODIES; | § | |
| TDCJ-ID JORDAN UNIT; | § | |
| GOVERNING BODIES OF JORDAN UNIT; | § | |
| SUBSTITUTION OF PARTIES; | § | |
| JAMES L. DANIELS; ILA E. GRIFFIN; | § | |
| GLEN D. STOUDER; F. HOPE; | § | |
| MARY ANN K. LAMB; TINA R. ANDERSON; | § | |
| D.F. FONDREN; J.L. STILES; C. CAIN; | § | |
| S.R. WHITE; W. BRYAN; L. REYNELL; | § | |
| J.M. WESTBROOK; B.J. WINBORNE; | § | |
| L.E. PORTER; LUWANA RICHARDSON; | § | |
| DEANN BIVINS; BRANDON KIDD; | § | |
| CHARLES P. KEY; ARMANDO OROZCO; | § | |
| A. HAYDEN; J.V. PARKS; J.L. SYFRETT; | § | |
| LESLIE C. HICKS; LLOYD SIMMS; | § | |
| TIMOTHY P. MAXEY; BUDDY G. PLUNK; | § | |
| WILLIAM F. GRAY; JOHN W. ALLEN; | § | |
| W. SEALES; D. HILL; DAVID B. TICE; | § | |
| TECK A. BECK; G.L. THOMPSON; | § | |
| ROBERT H. BRICKEY; TANAY L. PIODVA; | § | |
| RAVEN BYARS; JANICE BROWN; | § | |
| MARGO E. STANLEY; S.D. McALPINE; | § | |
| JOE N. VAUGHAN; C. SANCHEZ; | § | |
| B. BAYER; S. CHAMACHER; | § | |
| KARL D. PARKS; L. SHORT; | § | |
| FLOYD F. BAXTER; JESSE E. CASTILLO; | § | |
| R.L. JONAS; JEANNA LANDRUM; | § | |
| J.C. McALVINE; KEVIN L. ANORS; | § | |
| M.G. SMITH; R. FILLION; GLORIA DAY; | § | |
| JOYCE VANDERBURG; ADAM FRELIX; | § | |

| | |
|---|---|
| JEREMY LEAL; and JO K. STRANCE; | § |
| | § |
| Defendants. | § |

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS, MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff HERBERT HINES, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendants and requesting permission to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff HINES has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA: 9:98-CV-191 (USDC EDTX Lufkin Division) was dismissed March 26, 2001 as frivolous and for failure to state a claim on which relief can be granted; 9:02-CV-0311 (USDC EDTX Lufkin Division) was dismissed for failure to exhaust administrative remedies and his appeal of that dismissal, cause no. 03-40195, was dismissed as frivolous by the United States Court of Appeals for the Fifth Circuit on September 29, 2003; and 4:03-CV-2027 (USDC SDTX Houston Division) was dismissed as frivolous on April 30, 2004.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff HERBERT HINES may not proceed in forma pauperis in any further new filings or appeals filed

while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to proceed in forma pauperis is DENIED.

The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  29th  day of August, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE